Battle, J.
 

 We have given the errors assigned by the defendant’s counsel in his bill of exceptions, as well as that urged by him in arrest of the judgment for alleged insuffi
 
 *573
 
 ciency in the verdict, the consideration which the importance of the case, both to the State and the defendant, demands. The errors set forth in the bill of exceptions are three in number and we will examine them in the order in which the objections seem to have been made.
 

 1. The Erst exception appearing upon the record is that the defendant could not be convicted upon the evidence, of having received as stolen
 
 one pound of iron,
 
 or in other words, that the article proved to have been stolen, could not properly be described as one
 
 pound of iron.
 
 The testimony was that the article was “a piece of cast iron which was the top of an iron box." In the case of the
 
 State
 
 v.
 
 Godet,
 
 7 Ire. 210, and again in
 
 State
 
 v.
 
 Clark,
 
 8 Ire, 226, it is said that in an indictment tor larceny, the article charged to have been stolen, must be properly and sufficiently described, so that there may be no doubt of its identity. This is required for the purpose of enabling the court to see that the article is of value; and also for the protection of the accused, by in-, forming him of the distinct charge against him, and furnishing him with the means of showing; if subsequently indicted for the same offence, that he has already been convicted or acquitted of its commission. It is hardly necessary to say that the evidence must correspond with the description of the property mentioned in the indictment. In the application of this rule, some of the cases decided by it may seem too nice and refined for practical use,
 
 e. g.,
 
 where a man was acquitted of a charge of having stolen
 
 a pair
 
 of stockings when it was proved that the stockings were odd ones; and when there was an acquittal of having stolen a duck, upon proof that the fowl was a drake. See note
 
 b.
 
 to
 
 Rex
 
 v.
 
 Holloway,
 
 1 C. & P., 127, (11 C. L. 342.)
 

 The following distinction may be taken between the descriptions of the same article in different forms of existence. When in its raw or unmanufactured state it may be de
 
 *574
 
 scribed by its name, and as so much in quantity, weight or measure, but if it be worked up into a specific article, and remain so at the time when stolen, it must be described by the name by which such specific article is generally known. Two cases which have been decided may serve to illustrate this distinction. In the case of the
 
 State
 
 v. Moore, 11 Ire. 70, it was held that turpentine, which has run into boxes cut into the tree for the purpose of receiving the liquid, is the subject of larceny. But an indictment for stealing two barrels of turpentine cannot be supported by proving that the turpentine was stolen by having been dipped out of the boxes, from time to time in small quantities, and then put into barrels. In the other case,
 
 Bex
 
 v.
 
 Holloivay, above,
 
 it was decided that a charge of stealing a brass furnace was not sustained by proof that the furnace was broken into pieces before it was stolen. In the case now before us the cast iron top of a box, separated from the box to which it belonged has not, so far as we are informed, any distinct name, and may therefore well be described as one pound of iron. Whether the top of the box weighed more or less than a pound, makes no difference.
 
 State
 
 v.
 
 Moore, ubi supra.
 

 2. The second objection to the charge of the judge, is for saying that there was no contradiction at all between the testimony of the two witnesses, Divine and Sellers. It is a well established rule that where there is no testimony to a material fact the judge may say so, but if there be any at all, he has no right to express an opiuion as to its weight. So, if there be an alleged contradiction between the testimony of two witnesses, the court may instruct the jury that there is none, if such be the case, 'but' if there be the least conflict in the different statements it must be left to the jury to decide upon it. In the present case we agree with the judge that there was no contradiction at all, for under the
 
 *575
 
 circumstances the positive statement of Divine as to what he did and saw were not in the slightest degree impugned by what, for the very good reason given by Sellers, may have escaped his attention. In case of direct conflict in the testimony of witnesses, the judge must submit it to the jury to decide between their respective claims to credibility.
 
 Reeves
 
 v. Poindexter, 8 Jon., 308. Where there is affirmative and negative testimony it must be left to the jury, with instructions that the former is entitled to more weight than the latter.
 
 Henderson v. Crouse,
 
 7 Jon. 623. But where the. alleged negative testimony becomes so slight that it has no appriciable weight the court is justified in declaring that there is no contradiction at all.
 

 3. The third exception is also one to the Judge’s charge; for saying to the jury that if they believed the witness Lovell it would materially strengthen the evidence for the State. This exception is manifestly founded in mistake, for the Judge expressedno opinion upon the weight of the testimony, but only upon its effect if true, which he had a right to do. Lovell had been shown by the defendant to be a man of bad character, and the Judge after giving very proper instructions by way of caution to- the jury, said that if notwithstanding his bad character they should believe his testimony to be true, its tendency was to strengthen the other evidence given for the prosecution. This surely was not the expression of an opinion upon the weight of evidence, but only upon its effect if believed. See
 
 Gaither v. Ferebee
 
 1 Win., 310. Upon special verdicts and demurrers to evidence the court must necessarily pronounce what the law is upon the facts found or admitted; so in charging a jury the judge must say what the law is upon the different views which the jury may take of the facts testified to by the witness; in other words, what is the legal effect of the facts which the jury may believe to be established by the testimony.
 

 
 *576
 
 4. Tbe motion for an arrest of judgment on account of an alleged imperfection in the verdict, cannot be sustained. The objection is that the verdict does not specify what goods the defendant had received knowing’ them to have been stolen. It is admitted that the verdict would not have been good, had it simply found the defendant guilty, but the counsel contends that as it professed to set out of what he was guilty, it ought to have stated that it was for receiving the stolen goods mentioned
 
 in
 
 the indictment, or in some other way to have identified them. In support of his objection the counsel relies upon the
 
 State
 
 v.
 
 Edmund,
 
 4 Dev., 340, and the
 
 State
 
 v.
 
 Woodley,
 
 2 Jon., 276. In both of these cases the fatal defect was the omission in the verdict to state
 
 the intent
 
 with which the felonious act was done, but in neither was the slave, with the carrying, &c., of whom the prisoner was charged, specified, and no objection was made on that account. In the present case it was unnecessary to mention the intent, and the goods received must be taken to have been those specified in the indictment.
 

 Having examined and considered the record proper, and the bill of exceptions, and found no error in either, we must direct the judgment to be affirmed, and a certificate to that effect to be sent to the Criminal' Court for the county of New Planover.
 

 Per Curiam. There is no error.